## Penn Oil Company v. City of Erie et al.

*Cities of the third class—Ordinances—Gasoline filling stations—Permit to erect—Retroactive ordinance.*

After an applicant has complied with the provisions of the city ordinances to obtain a permit for the erection of a gasoline filling station, the city may not enact an ordinance which would be retroactive and invalidate the permit which he has already received.

Bill in equity. C. P. Erie Co., Feb. T., 1924, No. 4.

*A. Grant Walker*, for plaintiff.

*S. L. Gilson*, City Solicitor, and *J. B. Held*, Assistant City Solicitor, for defendants.

ROSSITER, P. J., May 9, 1924.—This case in equity came on to be heard on bill, answer, replication and testimony. The facts are found as follows:

### Penn Oil Company v. City of Erie et al.

1. The plaintiff is a corporation organized under the laws of the State of Pennsylvania, with its principal office in the City of Erie, County of Erie and State aforesaid, and is engaged in the business of buying, selling and delivering oils and gasolines and other petroleum products.

2. That the defendant, the City of Erie, is a municipal corporation of the third class, and M. J. Cronin is the legally qualified, duly appointed acting fire chief thereof.

3. That on Oct. 12, 1923, the plaintiff entered into an article of agreement to purchase certain real estate at the southeast corner of South Park Avenue and Liberty Street, with the intention of erecting thereon a gasoline filling station for the sale of oils, gasolines, petroleum products, etc.

4. That on Oct. 23, 1923, the plaintiff made an application to the building inspector under Ordinance 3607, an ordinance enacted Jan. 7, 1912, and the then controlling ordinance, for a permit to erect a filling station on the above-mentioned premises for the purpose of storing and selling the product above mentioned, which permit was issued to plaintiff in compliance with a peremptory mandamus dated Nov. 7, 1923, from this court.

5. That on Oct. 27, 1923, Ordinance No. 5469 was passed, which reads in part as follows:

"Section 1. It shall be unlawful for any person or persons, firm or corporation to build, erect or construct, reconstruct, enlarge or maintain any tank, container or other such device for the storage of gasoline within the fire limits of the City of Erie, as provided and defined by Ordinance Bill No. 4656, finally passed and approved on Jan. 21, 1919, except by authority of a permit granted by the Chief of the Fire Department of the City of Erie, or his assistants.

"Section 2. All applicants, persons, firms or corporations who desire to construct, operate or maintain storage tanks for gasoline and public gasoline filling stations are hereby directed, and will hereafter be required, to make application for the erection, operation or maintenance of such gasoline storage tanks and gasoline stations to the Chief of the Fire Department of the City of Erie, or his assistant.

"Section 4. No gasoline storage tank or filling station shall be erected, constructed, reconstructed or maintained within one hundred (100) feet of any dwelling-house within the fire limits of the City of Erie, as heretofore defined in the above ordinance, without a permit from the said Chief of the Fire Department of the City of Erie, or his assistant."

6. That neither the chief of the fire department nor his assistant has issued a permit under Ordinance No. 5469, and that they decline and refuse to do so, and the peace officers of the said city have threatened by force to prevent the erection of the filling station above mentioned.

7. That all the requisites for a permit, under Ordinance 3607, to erect the same had been complied with by the plaintiff before Ordinance 5469 was passed.

### Legal conclusions.

1. That plaintiff is entitled to erect its station without compliance with that portion of Ordinance No. 5469 above quoted.

2. That an injunction should issue, restraining the fire chief and those who act under him and the officers and employees of the City of Erie from preventing, or attempting to prevent, the erection of the said filling station.

3. That defendant should pay the costs.

Penn Oil Company v. City of Erie et al.

### Discussion.

Aside from all technicalities, equitably and in good conscience, proponent, having complied with the requirements of Ordinance No. 3607, was entitled to its permit before the passage of Ordinance No. 5469, and even if the latter ordinance is valid, to permit it to prevail in this instance would be to sanction the enforcement of a form of *ex post facto* law which is prohibited not only by the Constitution, but is anathema by common consent; hence, it is not necessary to discuss what prompted its enactment or determine its validity in its relation to future permits, nor make a proleptic order now, for, under the undisputed facts, it should not, in any event, be permitted to prevail here to prevent the erection of the station, nor is it necessary to enter upon a pedantic legal discussion, as the facts are simple and the law fundamental.

### Order.

And now, to wit, May 9, 1924, the prothonotary is directed to enter a decree *nisi* in accordance with these views, the same to become absolute unless exceptions are filed *sec. reg.*

From Lytle F. Perry, Erie, Pa.